I respectfully dissent from the majority opinion in this matter affirming the deputy commissioner's ruling that the death of the deceased arose out of the course of his employment. The greater weight of the totality of the evidence fails to show that the motive for the assault originated in employment. In this case, the deceased employee and his brother began arguing, and his brother pulled out a gun and shot the deceased in the face. The deceased employee and his brother were not even engaged in any activity of their employment when the deceased was shot.
The deceased employee and his brother had a history of arguments, and the evidence shows that the assault arose out of the relationship between the two men. Testimony from other employees shows that the deceased employee and his brother were constantly at odds, and argued frequently. Although the argument preceding the gunshot mentioned work issues, there is no indication that these issues were the cause of the argument; instead, the work issues were irrelevant in the larger context of hostility between the two men. After the initial verbal altercation, it was the deceased who aggressively approached his brother and assumed a fighting position. This is not a work-related injury, and as such, should not be deemed compensable.
This the ___ day of February, 2004.
 S/____________ BUCK LATTIMORE CHAIRMAN